# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CHIOMA OKORO,<br>*Plaintiff*<br><br>v.<br><br>STATE OF TEXAS and<br>GOVERNOR GREG ABBOTT,<br>*Defendants* | § § § § § § § § | Case No. 1:22-CV-00804-LY-SH |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:**   **THE HONORABLE LEE YEAKEL**
           **UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Chioma Okoro's Complaint (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed August 10, 2022, and Supplement to Complaint (Dkt. 5), filed August 24, 2022. The District Court referred this case to the undersigned Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 3.[1]

### I.   *In Forma Pauperis* Status

After reviewing Plaintiff's Financial Affidavit, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to

---

[1] Plaintiff also has filed a Motion for First Amendment of Exhibits, Advisory to the Court, and Affidavit. Dkts. 4, 6-7.

1

28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the Court has conducted a § 1915(e) review of the claims in the Complaint and recommends that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on Defendants at that time.

## II.  Section 1915(e)(2) Frivolousness Review

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d

1003, 1005 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). "Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up).

### B.  Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)

Plaintiff brings this lawsuit against the State of Texas and Texas Governor Greg Abbott.[2] Although many of Plaintiff's allegations are incomprehensible, she alleges that she was wrongfully excluded from the ballot for the 2022 gubernatorial election and asks the Court place her on the ballot and disqualify Governor Abbott. The Complaint appears to allege violations of the First, Fifth, Sixth, Fourteenth, and Fifteenth Amendments, but presents no coherent legal theory. Specifically, the Complaint states:

> 14TH AMENDMENT PEOPLE OF THE SAME CIRCUMSTANCE BY US BILL OF RIGHT TO BE ALLOWED STATE UNCONSTITUTIONALITY IN ERROR OF US MERIT OF LAWS MEANT FOR ELECTION IN TEXAS BURDEN PLACED ON INDEPENDAENT CANDIDATE CHIOMA OKRO AND ALL TEXAS VOTERS DEPRIVED OF MAJORITY VOTE DEMOCRATICALLY. . . .
>
> 5TH AMENDMENT VIOLATES RIGHT TO ALLOW ARTICL OF LIBERTY WHICH IS RIGHT OF THE CITIZENS OF UNITED STATE AND SHOULD NOT BE A GOOD REASON FOR MONARCHIC DEMOCRATIC ELECTION IN TX

---

[2] Plaintiff filed a similar suit in 2018 against Secretary of State Rolando Pablos and Governor Abbott, which was dismissed. *Okoro v. Pablos*, 1:18-CV-401-RP, Dkt. 45 (holding that "Okoro's claims are frivolous"). Plaintiff also is on the State of Texas list of vexatious litigants. *See Okoro v. Murphy*, No. 03-20-00031-CV, 2020 WL 990019, at *1 (Tex. App.—Austin Feb. 28, 2020, no pet.).

> 1ST AMENDMENT RIGHT OF THE PEOPLE OF TEXAS PURPOSEFULLY CRAFTED INTO DEFUALED CONSTITUTION OF THE UNITED STATES TO CREATE IRRELIVANT VIOLATION ON THIS PARTICULAR ILL OF RIGHT
>
> 6TH AMENDMENT INCLUDES SPEEDY ATTENTION TO CRIME AND MATERS INVOLVING STATE OFFICIALS
>
> 15TH AMENDMENT VIOLATION REQUIRING ALLOWING VOTERS OF GENDER AND RACE DETERMINATION USED AGAINST PETITIONER MANY TIMES SINCE 2018-2022 FOR BEING BLACK AND POOR DEPRIVING VOTING IN TX.

Dkt. 1 (Complaint) at 3-4.

To the extent that Plaintiff has stated any claims against the State of Texas, the claims are barred by the Eleventh Amendment. The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment codified the sovereign immunity of the states. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances, Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* at 253-54 (citation omitted). This jurisdictional bar applies regardless of the nature of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Accordingly, Plaintiff's claims against the State of Texas should be dismissed.

Plaintiff's claims against Governor Abbott also are barred by the Eleventh Amendment. It is well established that sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies and instrumentalities. *Regents of the*

4

*Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017). Similarly, lawsuits brought against employees in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent," and they also may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

For the exception to sovereign immunity set out in *Ex parte Young*, 209 U.S. 123 (1908), to apply, the state official, "by virtue of his office," must have "some connection with the enforcement of the challenged act, or else the suit is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (quoting *Young*, 209 U.S. at 157). Plaintiff appears to challenge the constitutionality of Texas's ballot access requirements for independent candidates. *See* Dkt. 1 at 26 (stating that Texas election procedures make it "difficult" for candidates who "are not party nominees"). Her claims cannot proceed against Governor Abbott because he has no power to redress the enforcement of Texas's election laws; that responsibility lies with the Texas Secretary of State. TEX. ELEC. CODE § 31.001. Accordingly, Plaintiff's claims against Governor Abbott also are barred by sovereign immunity.

Plaintiff's claim that Governor Abbott should be disqualified from the 2022 gubernatorial election lacks an arguable basis in law. *Talib*, 138 F.3d at 213 (stating that an IFP complaint "lacks an arguable basis in law if it is based on an indisputably meritless legal theory"). Plaintiff has not alleged that Governor Abbott should be disqualified under any laws governing candidate eligibility. *See, e.g.*, U.S. CONST. amend. XIV, § 3; TEX. CONST. art. XVI, §§ 2, 5; TEX. ELEC. CODE § 141.001. Accordingly, the Court finds that this claim also should be dismissed.

Plaintiff has failed to allege any viable claims in her Complaint. Therefore, her case should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

### III.   Order and Recommendation

Based on the foregoing, the undersigned Magistrate Judge **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

### IV.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 19, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE